Evan J. Smith (SBN 242352)
BRODSKY & SMITH, LLC
9595 Wilshire Blvd., Ste. 900
Beverly Hills, CA 90212
Telephone: (310) 300-8425
Facsimile:  (310) 247-0160
esmith@brodsky-smith.com

*Counsel for Plaintiffs Pizarro and
American Disability Institute*

FILED
CLERK, U.S. DISTRICT COURT

NOV 20 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PIZARRO, et al., | Case No. CV 06-7448 ~~(ABC)~~ (PSG)(JTLX) |
| Plaintiffs, | |
| vs. | *SECOND* AMENDED CLASS ACTION COMPLAINT |
| INTERNATIONAL COFFEE & TEA, LLC | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiffs, Ray Pizarro, Deborah Robinson, Mayra Espinoza and American Disability Institute, by and through their attorneys, allege the following based upon personal knowledge as to their own acts and acts of American Disability Institute's membership, and upon information and belief and their attorneys' investigation as to all other facts.

1.  Plaintiffs, on behalf of themselves and on behalf of the Class of mobility impaired/wheelchair bound persons, and on behalf of hearing and visually impaired individuals, allege against Defendant International Coffee & Tea, LLC violations of the anti-discrimination state statutes of California, Unruh Civil Rights Act, California Code Section 51 et seq. ("Unruh Act"), the California Disabled

- 1 -

1  Persons Act, California Civil Code Section 54 et seq. ("CDPA") and the

2  Americans With Disabilities Act ("ADA"), 42 U.S.C. Section 12181, et seq..

3
4       2.      Plaintiffs seek injunctive relief, statutory damages and reasonable

5  attorneys' fees and costs on behalf of the Plaintiffs and the putative Class who

6  have patronized or would like to patronize the stores identified in paragraph 32-33

7  below.

8                          **STATUTORY BACKGROUND**

9
10      3.      On July 26, 1990, Congress enacted the ADA establishing important civil

11  rights for individuals with disabilities, including the right to full and equal enjoyment

12  of the goods, services, facilities and privileges of, and access to, places of public

13  accommodation.

14      4.      Congress explicitly stated that among the purposes of the ADA were:

15
16      (a)     to provide a clear and comprehensive national mandate for the
               elimination of discrimination against individuals with
17             disabilities;

18      (b)     to provide clear, strong, consistent, enforceable standards
19             addressing discrimination against individuals with disabilities;
               and
20

21      (c)     to invoke the sweep of congressional authority, including the
               power to  enforce the Fourteenth Amendment and to regulate
22             commerce, in order to address the major areas of discrimination
23             faced day-to-day by people with disabilities.

24  42 U.S.C. Section 12101(b).

25
26      5.      Pursuant to 42 U.S.C. Section 12182 and 28 C.F.R. 36.201(a), no

27  place of public accommodation shall discriminate against an individual, on the

28  basis of such individual's disability, with regard to the full and equal enjoyment of

- 2 -

the goods, services, facilities, privileges, advantages or accommodations at that place of public accommodation.

6. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendants have ten (10) or fewer employees and gross receipts of $500,000.00 or less). See 42 U.S.C. Section 12181 and 28 C.F.R. 36.508(a).

7. Despite an extended period of time in which to become compliant with the ADA, and despite the extensive publicity the ADA has received since 1990, Defendant International Coffee Bean & Tea, LLC continues to discriminate against people who are disabled, in ways that block them from equal access to and use of their stores.

8. The Unruh Civil Rights Act, California Civil Code Section 51 *et. seq.*, prohibits discrimination on the basis of disability by "all business establishments of every kind whatsoever." Similarly, the California Disabled Persons Act, California Civil Code Section 54, *et. seq.* was enacted for the same reasons.

9. In 1991, the California Supreme Court declared in *Harris v. Capital Growth Investors XIV*, 52 Cal. 3d 1142. 1175(1991), that "a plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination in public accommodations in violation of the terms of the Act."

10. In 1992, the Unruh Act was amended to provide that "violation of the right of any individual under the Americans with Disabilities Act of 1990... shall also constitute a violation of this section. Cal. Civ. Code section 51(f); *Presta v. Peninsula Corridor Joint Powers Bd.*, 16 F. Supp. 2d 1134, 1135 (N.D. Cal.1998).

11. Consequently, by violating the ADA, Coffee Bean continues to be in violation of the Unruh Act and the California Disabled Persons Act.

- 3 -

## JURISDICTION AND VENUE

12.     The action primarily arises from violations of Title III of the Americans With Disabilities Act, 42 U.S.C. 12181 et seq., as more fully set forth herein.  The Court has original jurisdiction pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343. Additionally, the Court has jurisdiction with respect to the claims arising from the anti-discrimination statutes of the State of California, pursuant to 28 U.S.C. 1367 (supplemental jurisdiction).

13.     Venue lies in this district as Defendants are found and/or do substantial business in this judicial district and a substantial part of the property that is the subject of the action is situated in this judicial district.  See 28 U.S.C. 1391(b).

## PARTIES AND STANDING

14.     (a) Plaintiff Ray Pizarro resides at 505 W. 6th Street, Long Beach, and qualifies as an individual with disabilities as defined by the ADA. Ray Pizarro is a paraplegic, having permanently lost the use of his legs, and requires a wheelchair to move about. Mr. Pizarro is a member of American Disability Institute and has visited Coffee Bean stores within the State of California, and has experienced discrimination at such stores as more fully set forth below. Ray Pizarro intends to return to Coffee Bean stores for the dual purpose of availing himself of the goods and services offered to the public at such stores, and to ensure that those stores cease evading their responsibilities under federal and state law.

(b) Plaintiff Deborah Robinson resides at 937 W. 51st Street in Los Angeles, CA 90037-3604, and qualifies as an individual with disabilities as defined by the ADA. Deborah Robinson is hearing impaired and is a member of American Disability Institute and has visited Coffee Bean stores within the State of California, and has experienced discrimination at such stores as more fully set forth

- 4 -

1   below.  She intends to return to Coffee Bean stores for the dual purpose of availing
2   herself of the goods and services offered to the public at such stores, and to ensure
3   that those stores cease evading their responsibilities under federal and state law.

4
5           (c)  Plaintiff Mayra Espinoza resides at 505 W. 6th Street, #2D, Long
6   Beach, CA and qualifies as an individual with disabilities as defined by the ADA.
7   Mayra Espinoza is visually impaired and is a member of American Disability
8   Institute and has visited Coffee Bean stores within the State of California, and has
9   experienced discrimination at such stores as more fully set forth below.  She
10  intends to return to Coffee Bean stores for the dual purpose of availing herself of
11  the goods and services offered to the public at such stores, and to ensure that those
12  stores cease evading their responsibilities under federal and state law.

13
14      15.     Plaintiff, American Disability Institute, ("ADI"), is a non-profit
15  advocacy group that seeks to make public accommodations available to all
16  individuals by ensuring that public property is in compliance with 42 U.S.C.
17  Section 12182 and 28 C.F.R. 36.201(a) and by ensuring that its members and other
18  disabled persons have sufficient information so as to understand and prepare
19  themselves for the realities of discrimination directed towards such disabled
20  persons.  ADI is a small national advocacy organization, whose members include
21  disabled persons and persons who are not disabled.

22      16.     ADI's purpose is to educate persons and businesses on accessibility
23  issues and to ensure full participation of all people with a broad range of physical
24  disabilities in every community.  As part of that purpose, ADI seeks to monitor
25  places of public accommodation for compliance with the ADA, disseminate that
26  information to its members and other disabled persons, and ensures that people
27  with disabilities have equal access to, and do not encounter discrimination in,
28  places of public accommodation.  As a result, ADI seeks to assure that public

spaces and commercial premises are accessible to, and useable by, its members and other disabled persons, and to assure that its members and other disabled persons are not excluded from the enjoyment and use of the benefits, services, programs, and activities of public accommodations.

17.     ADI has standing to assert the rights of its members in a representational capacity. ADI has standing to assert the claims for injunctive relief alleged herein because: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to its purpose; and (c) neither the claims asserted nor the relief requested requires the participation of individual members in the lawsuit.

18.     ADI has disabled members who reside throughout the United States, including many mobility impaired/wheelchair-bound members in California. The organization maintains an office at 879 West 190th Street, Suite 400, Gardena, California where meetings are held.

19.     Plaintiffs have been, and continue to be, adversely affected by Defendant's violations of the ADA and the laws of the State of California. Plaintiffs have suffered direct and indirect injury as a result of the Defendant's actions and/or omissions as described herein.

20.     Plaintiffs have reasonable grounds to believe that Defendants will continue to subject them, the members of ADI, or other disabled individuals to discrimination in violation of the ADA and the laws of the State of California, given that the Defendants have failed to bring existing stores into compliance for over ten years and have allowed new stores to be constructed that were similarly out of compliance.

21.     Defendant, International Coffee and Tea, LLC (hereinafter "Coffee Bean" or "Defendant"), is a Delaware corporation, which at all relevant times to

- 6 -

*SECOND* AMENDED CLASS ACTION COMPLAINT

1  this litigation acted, or failed to act, by and through their officers, representatives,

2  agents, workers and/or its employees.  The corporate headquarters for Coffee Bean

3  is located at 1945 S. La Cienega Blvd., Los Angles, CA 90034.

4

5      22.    Upon information and belief, Coffee Bean, is one of the largest

6  privately owned Coffee and Tea companies in the world. The company was

7  founded in California and now has both company owned and franchised stores

8  around the world.  However, Coffee Bean does not sell franchises in the State of

9  California.  All of the Coffee Bean stores located in California are both owned and

10  operated by the company.

## CLASS ACTION ALLEGATIONS

11

12     23.    Plaintiffs seek to maintain the action as a class action under Rule

13  23(b)(2) of the Federal Rules of Civil Procedure.  A Rule 23(b)(2) class is

14  appropriate because the primary and predominating relief sought is injunctive.

15  Alternatively, to the extent a 23(b)(2) class would raise insurmountable due

16  process concerns, Plaintiffs seek certification under Rule 23(b)(3).  The Class

17  consists of all mobility impaired/wheelchair-bound persons and visually and

18  hearing impaired individuals located in California who have patronized Coffee

19  Bean stores identified herein in paragraph 32-33, who have been, or who were,

20  prior to the filing of the Complaint, denied the full and equal enjoyment of the

21  goods, services, programs, facilities, privileges, advantages, or accommodations of

22  any of the stores identified herein (the Class).

23

24     24.    The Class is believed to consist of thousands of members.  Upon

25  information and belief, census statistics demonstrate that there are over 150,000

26  non-institutionalized people sixteen years of age or older in California who use

27  wheelchairs, approximately 140,000 visual impaired individuals and approximately

28

1   91,000 hearing impaired individuals. The members of the Class are so numerous

2   that joinder of all members is impracticable.

3

4       25.    Common questions of law and fact exist as to all members of the

Class, and predominate over any questions affecting solely individual members of

5   the Class.  Among the questions of law and fact common to the Class are:

6

7               (a)    Whether Defendant's stores are "public accommodations"

8                   under the ADA;

9               (b)    Whether Defendant's stores deny the full and equal enjoyment
       of their goods, services, programs, facilities, privileges,
10      advantages, or accommodations, and full and equal access to

11      their facilities to individuals with disabilities in violation of
       ADA;
12

13              (c)    Whether the Defendant provides goods, services, programs,
       facilities, privileges, advantages, or accommodations to
14      individuals with disabilities in an integrated setting;

15              (d)    Whether the Defendant's stores have made reasonable
16      modifications in policies, practices, and procedures when such
       modifications are necessary to afford such goods, services,
17      programs, facilities, privileges, advantages, or
       accommodations to individuals with disabilities;
18

19              (e)    Whether the Defendant failed to take steps to ensure that
20      individuals with disabilities are not excluded, denied services,
       segregated, or otherwise treated differently than other
21      individuals because of the absence of auxiliary aids and
       services;
22

23              (f)    Whether the Defendant has failed to remove architectural and
       communication barriers in existing stores, where such removal
24      is readily achievable and technically feasible, or have failed to
25      make such goods, services, programs, facilities, privileges,
       advantages, or accommodations available through alternative
26      methods, if removal of the barriers is not readily achievable or
27      technically feasible;

28

- 8 -

(g)     Whether violations of the ADA also constitute per se violations of the California anti-discrimination statute.  Cal. Civ. Code Section 51, and 54 *et. seq.*;

(h)     Whether the Defendant has violated and/or continue to violate the state anti-discrimination statute identified above by denying equal access to disabled persons at places of public accommodation;

(i)     Whether the state anti-discrimination statue identified above provides for a private right of action;

(j)     Whether the state anti-discrimination statue identified above provides for injunctive relief; and

(k)     Whether the state anti-discrimination statute identified above provides for minimum statutory deterrence damages.

26.     Plaintiffs' claims are typical of the claims of the members of the Class, as Plaintiffs and members of the Class sustained and continue to sustain injuries arising out of the Defendants' conduct or omissions in violation of federal and state law as complained of herein.  Plaintiffs, like all other members of the Class, claim that the Defendants have violated the ADA by failing to make their stores accessible to individuals with disabilities and by excluding the Plaintiffs, and other similarly situated persons, from full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of Defendant's stores, and subjecting the Plaintiffs to discrimination by failing to provide their facilities and other goods, services, programs, facilities, privileges, advantages or accommodations to the Plaintiffs, as well as other similarly situated persons.

27.     Plaintiffs will fairly and adequately protect the interests of the members of the Class, and have retained counsel competent and experienced in class action litigation.  Plaintiffs have no interests antagonistic to, or in conflict with, those of the Class.

- 9 -

*SECOND* AMENDED CLASS ACTION COMPLAINT

28.　The action may be maintained as a class action pursuant to Rule 23(b)(2), because the Defendants violated the ADA, by maintaining barriers to accessibility and discriminating on the basis of disabilities, in a manner harmful to all members of the Class.  Requiring Defendants to comply with the ADA is appropriate, and the primary and predominating relief sought is injunctive relief.

29.　A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since joinder of all members is impracticable.  Furthermore, because the damages suffered by the individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class individually to redress the wrongs done to them.

30.　There will be no difficulty in the management of this action as a class action.  Moreover, judicial economy will be served by the maintenance of this lawsuit as a class action, in that it is likely to avoid the burden which would be otherwise placed upon the judicial system by the filing of thousands of similar suits by disabled people across the California.  There are no obstacles to effective and efficient management of the lawsuit as a class action.

## STORES OWNED/OPERATED BY DEFENDANT COFFEE BEAN

## IN VIOLATION OF THE ADA

31.　ADI has retained attorneys to prosecute the claims alleged herein, who in turn, retained professional building experts to investigate, identify and document Defendants' violations of the ADA.  Those investigations, which are still ongoing, have to date identified the stores listed below as being in serious violation of the ADA.  Further, ADI has disseminated the results of the investigations to certain of its members, providing them with actual notice of Title III ADA violations at the stores listed below.

32.     Plaintiff Mayra Robinson has personally encountered barriers to equal access at a Long Beach, CA location within the past two years, although she does not remember the exact dates.  Plaintiff Deborah Robinson has personally encountered barriers to equal access at the Coffee Bean located on Figuero Street in downtown, LA and at the Coffee Bean located on Century Blvd. in Inglewood, CA within the past two years, although she does not remember the exact dates. Plaintiff, Ray Pizarro, has personally encountered barriers to equal access at the stores identified in this paragraph on multiple instances in the past, although he is uncertain as to the exact dates.  On July 16, 2006 and July 17, 2006 Mr. Pizarro personally re-visited the following stores, and encountered barriers to equal access, and found the stores to be in violation of Title III of the ADA.  These Plaintiffs intend to re-visit these stores again in the future for the dual purpose of patronizing and ensuring their compliance with the ADA.

1.     1227 Hermosa Ave., Hermosa, CA

2.     347 Main Street, Seal Beach, CA

3.     1996 Ximeno Ave., Long Beach, CA

4.     1617 S. Pacific Coast Hwy., Redondo Beach, CA

5.     2901 Main Street, Santa Monica, CA

6.     12930 Ventura Blvd., Studio City, CA

7.     8550 Firestone Blvd., Downey, CA

8.     18505 Ventura Blvd., Tarzana, CA

9.     17301 Ventura Blvd., Encino, CA

10.    2180 N. Rose Ave., Oxnard, CA

- 11 -

*SECOND* AMENDED CLASS ACTION COMPLAINT

33.   Upon information and belief, as a result of Defendant's corporate policy, there are/were additional barriers to equal access in violation of the ADA, Unruh Act, and/or CDPA at the following corporate owned Coffee Bean locations:

1.   11698 San Vincente Blvd., Los Angeles, CA 90049

2.   445 N. Beverly Drive, Beverly Hills, CA 90210

3.   811 State Street, Santa Barbara, CA 93101

4.   3301 E. Main Street, Suite 1066, Ventura, CA 92002

5.   13420 Maxella, Suite C20, Marina Del Rey, CA 90292

6.   1426 Montana #5, Santa Monica, CA 90403

7.   200 Santa Monica Blvd., Santa Monica, CA 90401

8.   3835 Crosscreek #7, Malibu, CA 90265

9.   950 Westwood Blvd., Westwood, CA 90024

10.   3333 Bristol #1820, Costa Mesa, CA 92626

11.   6471 East Pacific Coast Highway, Long Beach, CA 90803

12.   135 N. Larchmont, Los Angeles, CA 90004

13.   2800 North Main Street #104, Santa Ana, CA 92701

14.   14996 Riverside Drive 259, Sherman Oaks, CA 91423

15.   415 S. Lake Ave., Suite 108, Pasadena, CA 91101

16.   1001 Gayley Blvd., Westwood, CA 90024

17.   4580 Calle Alto, Camarillo, CA 93012

18.   278 W. Hillcrest Drive, Ste. N2, Thousand Oaks, CA 91360

19.   3008 Sepulveda Blvd., Manhattan Beach, CA 90266

20.   120 Ventura Blvd, C-104, Studio City, CA 91604

21.   2901 Main Street, Santa Monica, CA 90405

22.   18 S. Fair Oaks, Pasadena, CA 91105

23.   233 S. Beverly Drive, Beverly Hills, CA 90212

24.   340 N. San Fernando Blvd., Burbank, CA 91504

25.   321 Manhattan Beach Blvd., Manhattan Beach, CA 90266

- 12 -
SECOND AMENDED CLASS ACTION COMPLAINT

| | | |
|---|---|---|
| 1 | 26. | 21801 Oxnard Street #9, Woodland Hills, CA 91307 |
| 2 | 27. | 1835 Newport Blvd., #B122, Costa Mesa, CA 92628 |
| 3 | 28. | 7502 Melrose, Los Angeles, CA 90046 |
| 4 | 29. | 1617 Pacific Coast Highway, #103, Redondo Beach, CA 90277 |
| 5 | 30. | 10897 Pico Blvd., Los Angeles, CA 90064 |
| 6 | 31. | 2081 Hillhurst Avenue, Los Angeles, CA 90027 |
| 7 | 32. | 17595 Harvard Avenue, #B, Irvine, CA 92614 |
| 8 | 33. | 71 Fortune Drive, #844, Irvine, CA 92618 |
| 9 | 34. | 13786-B Jamboree Road, Irvine, CA 92602 |
| 10 | 35. | 18505 Ventura Blvd., Tarzana, CA 91356 |
| 11 | 36. | 21300 B Hawthorne Blvd., Torrance, CA 90503 |
| 12 | 37. | 1080 E. Imperial Highway, #E-2, Brea, CA 92821 |
| 13 | 38. | 2264 17th Street, Santa Ana, CA 92705 |
| 14 | 39. | 1212 Bellflower Blvd., Long Beach, CA 90815 |
| 15 | 40. | 24155 Laguna Hills Mall #1635, Laguna Hills, CA 92653 |
| 16 | 41. | 24251 Town Center Drive #155, Valencia, CA 91355 |
| 17 | 42. | 8793 Beverly Blvd, West Hollywood, CA 90048 |
| 18 | 43. | 15278 Antioch Street, Pacific Palisades, CA 90272 |
| 19 | 44. | 3301 E. Main Street, Suite 1516, Ventura, CA 93003 |
| 20 | 45. | 8735 Santa Monica Blvd., West Hollywood, CA 90069 |
| 21 | 46. | 12930 Ventura Blvd., #122, Studio City, CA 91646 |
| 22 | 47. | 7915 Sunset Blvd., Los Angeles, CA 90046 |
| 23 | 48. | 4925 E. Second Street, Belmont Shore, CA 90803 |
| 24 | 49. | 829 Wilshire Blvd., Santa Monica, CA 90403 |
| 25 | 50. | 3150 Ocean Park Blvd., Santa Monica, CA 90403 |
| 26 | 51. | 1780 S. Victoria Ave., Suite A, Ventura, CA 93003 |
| 27 | 52. | 8500 Beverly BLvd., Suite #K606, Los Angeles, CA 90048 |
| 28 | 53. | 3470 S. Sepulveda Blvd., Los Angeles, CA 90034 |

SECOND AMENDED CLASS ACTION COMPLAINT

| | | |
|---|---|---|
| 1 | 54. | 6333 West 3rd Street, E-11, Los Angeles, CA 90036 |
| 2 | 55. | 2689 Via De la Valle, Suite E, Del Mar, CA 92014 |
| 3 | 56. | 1312 Third Street Promenade, Santa Monica, CA 90401 |
| 4 | 57. | 5653 Alton Parkway, Irvine, CA 92604 |
| 5 | 58. | 801 W. 7th Street, Los Angeles, CA 90017 |
| 6 | 59. | 210 E. Olympic BLvd., #102, Los Angeles, CA 90021 |
| 7 | 60. | 120 W. Washington, Suite B, San Diego, CA 92101 |
| 8 | 61. | 1804 Lincoln Blvd., Santa Monica, CA 90405 |
| 9 | 62. | 102 South Myrtle Avenue, Monrovia, CA 91016 |
| 10 | 63. | 3052 De La Vina, Santa Barbara, CA 93105 |
| 11 | 64. | 21851 Ventura Blvd, Woodland Hills, CA 91364 |
| 12 | 65. | 9015-B Mira Mesa Blvd., San Diego, CA 92126 |
| 13 | 66. | 1133 Artesia Blvd., Manhattan Beach, CA 90266 |
| 14 | 67. | 2180 N. Rose Avenue, Oxnard, CA 93030 |
| 15 | 68. | 10800 W. Pico Blvd, Los Angeles, CA 90064 |
| 16 | 69. | 1227 Hermosa Avenue, Hermosa Beach, CA 90254 |
| 17 | 70. | 12569 Limonite Ave., Suite 300, Mira Loma, CA 91752 |
| 18 | 71. | 6922 Hollywood Blvd., #103, Hollywood, CA 90028 |
| 19 | 72. | 1772-A East Avenida De Los Arboles, Thousand Oaks, CA |
| 20 | | 91362 |
| 21 | 73. | 8328 Wilshire Blvd., Beverly Hills, CA 90211 |
| 22 | 74. | 1935 Calle Barcelona, #176, Carlsbad, CA 92009 |
| 23 | 75. | 824 Arneil Road, Camarillo, CA 93010 |
| 24 | 76. | 2201 Fillmore Street, San Francisco, CA 94115 |
| 25 | 77. | 9 E. Main Street, Alhambra, Ca 91801 |
| 26 | 78. | 10401 Santa Monica Blvd., Los Angeles, CA 90025 |
| 27 | 79. | 7235 Beverly Blvd., Los Angeles, CA 90036 |
| 28 | 80. | 10121 Riverside Drive, Toluca Lake, CA 91602 |

- 14 -

SECOND AMENDED CLASS ACTION COMPLAINT

81.   3701 Ocean View, Montrose, CA 91020

82.   19732 Ventura Blvd., Woodland Hills, CA 91364

83.   8550 Firestone BLvd., Downey, CA 90241

84.   5657 Balboa Avenue, San Diego, CA 92111

85.   925 C. Camino De La Reina, San Diego, CA 92108

86.   2508 El Camino Real, Suite F, Carlsbad, CA 92008

87.   347 Main Street, Suite A, Seal Beach, CA 90740

88.   305 S. El Camino Real, Suite #A, San Clemente, CA 92672

89.   10401 Venice Blvd., Los Angeles, CA 90034

90.   2933 Coast Highway East, Space 3A, Corona Del Mar, CA 92625

91.   5745 Calle Real, Coleta, CA 93117

92.   2002 East Lincoln Blvd., Anaheim, CA 92806

93.   11049 Santa Monica Blvd., Los Angeles, CA 90025

94.   23635 Calabasas Road, Calabasas, CA 91302

95.   929 N. Miliken Ave., Sluite 101, Ontario, CA 91764

96.   6255 W. Sunset Blvd., Suite 170, Los Angeles, CA 90028

97.   18705 Devonshire Street, Northridge, CA 91324

98.   700 South Fair Oaks, #A, South Pasadena, CA 91030

99.   8140 Haven Avenue, Suite 100, Rancho Cucamga., CA 91730

100.  12501 West Ventura Blvd., Studio City, CA 91604

101.  1940 Century Park East, Los Angeles, CA 90067

102.  57880 Canoga Ave., Suite F, Woodland Hills, CA 91367

103.  2944-G Tapo Canyon Road, Simi Valley, CA 93063

104.  4105 S. Atlantic Blvd., Suite A, Long Beach, CA 90807

105.  1500 Westwood Blvd, Los Angeles, CA 90024

106.  25345 Crenshaw Blvd., Suite B, Torrance, CA 90505

107.  101 N. Indian Hill, # 105, Claremont, CA 91711

- 15 -

108.   1845 B La Cienega Blvd., Los Angeles, CA 90034

109.   2200 Thousand Oaks Blvd., Thousand Oaks, CA 91362

110.   1209 Coast Village Road, Santa Barbara, CA 93108

111.   205 Orangefair Ave., Space 11A, Fullerton, CA 92832

112.   12510 S. Main Street, #1760, Rancho Cucamga., CA 91730

113.   2202 N. Tustin Street, Suite C, Orange, CA 92865

114.   9541 W. Pico Blvd., Los Angeles, CA 90035

115.   17301-1 Ventura Blvd., Encino, CA 91316

116.   5979 W. Third Street, Los Angeles, CA 90036

117.   3626 Grand Ave., Suite 1, Chino Hills, CA 91709

118.   209 South Mednik Avenue, Los Angeles, CA 90022

119.   12560 Artesia Blvd., Cerritos, CA 90703

120.   31938 Highway 79 South, Suite D, Temecula, CA 92592

121.   4991 Carpinteria Ave., Carpinteria, CA 93013

122.   300 South La Cienega, Los Angeles, CA 90048

123.   645 W 9th Street, #108, Los Angeles, CA 90017

124.   510 Hidden Valley Parkway, Suite B, Corona, CA 91730

125.   4957 Katella Ave., Suite F, Cypress, CA 90630

126.   3225 Carson Street, Suite A, Lakewood, CA 90712

127.   1996 Ximeno Ave., Space 101, Long Beach, Ca 90814

128.   18503 Yorba Linda Blvd., #A, Yorba Linda, CA 92885

129.   3800 Wilshire Blvd, #102      Los Angeles CA    90010

130.   17969 Beach Blvd., Huntington Beach, CA 92657

131.   601 West 5th Street, #R1, Los Angeles, CA 90071

132.   354 Five Cities Drive, Pismo Beach, CA 93449

133.   1640 Camino Del Rio North, San Diego, CA 92108

134.   603 Parkway Plaza, Suite T6, El Cajon, CA 92020

135.   11913 W. Olympic Blvd., Los Angeles, CA 90064

SECOND AMENDED CLASS ACTION COMPLAINT

136.  773 Market Street, San Francisco, CA 94103

137.  73400 El Paseo Drive #9, Palm Desert, CA 92260

138.  968 South Westlake Blvd., Suite 6, Westlake Village, CA 91361

139.  3396 W. Century Blvd., Space 3-2, Inglewood, CA 90303

140.  3726 S. Figueroa Street, Los Angeles, CA 90007

141.  2829 Newhall Ranch Road, Valencia, CA 91355

142.  1500 Canada Blvd., Unit C, Glendale, CA 91208

143.  10550 Craftsman Way, Suite #187, San Diego, CA 92127

144.  13020 Pacific Promenade, Suite 9, Playa Vista, CA 90094

145.  16101 Ventura Blvd., Suite 180, Encino, CA 91316

146.  79-024 Highway 111, Suite 101, La Quinta, CA 92253

147.  528 Orange Street, Redlands, CA 92374

148.  8789 Sunset Blvd., West Holywood, CA 90069

149.  20301 Hawthorne Blvd., Torrance, CA 90503

150.  6344 Spring Street, Suite 1, Long Beach, CA 90808

151.  18011 Newhope Street, Suite G, Fountain Valley, CA 92708

152.  120070 Caramel Mountain Road, Ste 296, San Diego, CA 92128

153.  909 Sepulveda Blvd., Suite 135, Los Angeles, CA 90245

154.  160 W. Broadway, San Diego, CA 92101

155.  9343 Clairemont Mesa Blvd., San Diego, CA 92123

156.  5300 Lankershim Blvd., #115   North Hollywood   CA   91601

157.  4360 East Main Street, Suite 3, Ventura, CA 93003

158.  100 N. Palm Canyon Drive., Palm Springs, CA 92262

159.  7201 Greenleaf, Whittier, CA 90602

160.  16225 Sierra Lakes Parkway, Fontana, CA 92336

161.  872 Eastlake Parkway, Ste 414, Chula Vista, CA 91914

| | | |
|---|---|---|
| 1 | 162. | 6401 Platt Avenue, West Hills, CA 91367 |
| 2 | 163. | 400 S. Baldwin Ave., Space 9025, Arcadia, CA 91007 |
| 3 | 164. | 29263 Central Avenue, Suite P6, Lake Elisnore, CA 93532 |
| 4 | 165. | 80 Windward Avenue, Venice, CA 90291 |
| 5 | 166. | 300A North Glendale Ave., Glendale, CA 91206 |
| 6 | 167. | 3966 Tradewind Drive, Suite 101, Oxnard, CA 93035 |
| 7 | 168. | 2783 North Main Street, Santa Ana, CA 92705 |
| 8 | 169. | 72-333 Hwy. 111, Suite E, Palm Desert, CA 92260 |
| 9 | 170. | 6600 Topanga Canyon BLvd., #9220, Canoga Park, CA 91303 |
| 10 | 171. | 39605 10th Street West, Unit D, Palmdale, CA 93551 |
| 11 | 172. | 12730 Carmel Country Road, San Diego, CA 92130 |
| 12 | 173. | 1316 Bison Avenue, Newport Beach, CA 92660 |
| 13 | 174. | 1900 N. Campus, Space E, Upland, CA 91786 |
| 14 | 175. | 19009 Van Buren Blvd., #125, Riverside, CA 92508 |
| 15 | 176. | 705 E. Huntington Drive, Monrovia, CA 91016 |
| 16 | 177. | 4444 Lankershim Blvd. #114   Toluca Lake, CA 91602 |
| 17 | 178. | Four Embarcadero Center, Suite SL9, San Francisco, CA 94111 |
| 18 | 179. | 3712 Mission Inn Ave., Suite N-4, Riverside, CA 92501 |
| 19 | 180. | 110 Mountain Avenue, Upland, CA 91785 |
| 20 | 181. | 1226 State Street, Santa Barbara, CA 93101-2608 |
| 21 | 182. | 1408 N. Moorpark Road, Thousand Oaks, CA 91360 |
| 22 | 183. | 45 Auto Center Drive, Suite 100, Foothill Ranch, CA 92610 |
| 23 | 184. | 3648 Nogales Street, Unit C. West Covina, CA 91792 |
| 24 | 185. | 3231 Camino de los Coches, Ste. 100, Carlsbad, CA 92009 |
| 25 | 186. | 2000 Avenue of the Stars #100, Century City, CA 90067 |
| 26 | 187. | 1000 Plaza Drive, West Covina, CA 91790 |
| 27 | 188. | 8591 Sunset Blvd., West Hollywood, CA 90069 |
| 28 | 189. | 16101 Ventura Blvd., Encino, CA 91416 |

- 18 -

SECOND AMENDED CLASS ACTION COMPLAINT

190.  3865 5th Avenue, San Diego, CA 92103

191.  610 N. Coast Highway #104, Laguna Beach, CA 92651

192.  417 Parkway Plaza, El Cajon, CA 92020

193.  12225 Foothill Blvd. Unit A, Rancho Cucamonga, CA 91739

194.  98 Niblick Road, Paso Robles, CA 93446

195.  20700 Avalon Blvd., Suite 507, Carson, CA 90746

196.  900 North Point, H102, San Francisco, CA 94109

197.  72-333 Hwy. 111, Suite E, Palm Desert, CA 92260

198.  1408 N. Moorpark Rd., Thousand Oaks, CA 91360

## COUNT I

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

34.  Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.  This Count is brought on behalf of the Class against Defendant Coffee Bean.

35.  Pursuant to 42 U.S.C. Section 12181(7) and 28 C.F.R. Section 36.104, Defendant owns and/or operate places of public accommodation, Coffee Bean & Tea Leaf stores, comprising various facilities which provide diverse menu selections of specialty coffee and tea from around the world and related other food and beverages.  All of Defendants' facilities are public accommodations and are covered by the ADA.

36.  The ADA defines illegal discrimination to include, in pertinent part:

   (a)  Failure to remove architectural barriers . . . that are structural in nature, in Existing facilities . . . where such removal is readily achievable;

   (b)  With respect to a facility or part thereof that is altered . . . in a manner that affects or could affect the usability of the facility or

- 19 -

part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.  Where the entity is undertaking an alteration that affect or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path or travel to the altered area . . .[is] readily accessible to and usable by individuals with disabilities where such alterations to the path or travel . . . are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General); and

(c)     failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990 that are readily accessible to and usable by individuals with disabilities.

37.     Defendant has been and continues to be required to remove architectural barriers to the physically disabled where such removal is readily achievable for their places of public accommodation that have existed prior to January 26, 1992, 28 C.F.R. Section 36.304(a); in the alternative, if there has been an alteration to any of Defendant's places of public accommodation since January 26, 1992, then the Defendant's are required to ensure to the maximum extent feasible that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, and/or are hearing or visually impaired, 28 C.F.R. 36.402; and, finally, if any of the Defendant's facilities is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then such facility must be readily accessible to and usable by individuals with disabilities as defined by the ADA.

38.     Appendix A to Part 36-Standards for Accessible Design (28 C.F.R. pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities.  These guidelines are to be applied during design, construction and alteration of such

1  buildings and facilities to the extent required by regulations issued by Federal

2  agencies, including the Department of Justice, under the ADA.

3

4  39.   Defendant has discriminated against Plaintiffs, and others who are

5  similarly situated, by denying access to full and equal enjoyment of the goods,

6  services, facilities, privileges, advantages and/or accommodations of their places of

7  public accommodation or commercial facilities in violation of 42 U.S.C. Section

8  12181 et seq. and 28 C.F.R. 36.302 et seq., as described below.

9  40.   Defendant has discriminated and are discriminating against Plaintiffs

10  and others similarly situated, in violation of the ADA, by failing to, inter alia, have

11  accessible facilities, as described below, by January 26, 1992.  The following list

12  describes, Defendant's violations of the ADA that exist within their walls, with

13  respect to the Coffee Bean stores listed above:

14

15  (a)   The entrance doorways do not provide adequate floor space.
        This is in violation of ADAAG Section 4;

16

17  (b)   The sales counter's height is in violation of ADAAG – Section
        5.2.

18

19  (c)   There are exposed pipes in the restroom.  This is in violation of
        ADAAG Section 4.19.4.

20

21  (d)   The height of the toilet in the restroom is in violation of
        ADDAG section 4.16.3.

22

23  (e)   The center of the toilet in the restroom is in violation of
        ADAAG Section 4.16.2.

24

25  (f)   The restroom door hardware handles are in violation of
        ADAAG Section 4.13.9.

26

27  (g)   The restroom mirror is is in violation of ADAAG Section
        4.22.6.

28

- 21 -

*SECOND* AMENDED CLASS ACTION COMPLAINT

(h)     The restroom door force exceeds 5 lbs. This is in violation of ADAAG – Section 4.13.11

(i)     The height of the urinal in the men's restroom is in violation of ADAAG section 4.18.02.

(j)     The entrance doorway is not wheelchair accessible. This is in violation of ADAAG section 4.1.

(k)     Having inaccessible fire alarms to the hearing or visual impaired.

(l)     Failing to have Braille signs as required by state and federal law to the bathrooms and/or other facilities and services.

41.     The discriminatory violations described above are not an exclusive or exhaustive list of the Defendants' ADA violations, and, upon information and belief, there are other miscellaneous violations of the ADA and regulations promulgated pursuant thereto in Defendant's facilities.

42.     The correction of these violations of the ADA is readily achievable, or Defendant is obligated to have its places of public accommodation readily accessible as defined by the ADA.

43.     To date, barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. The effect of Defendant's failure to comply with the ADA is that the Defendant has discriminated against disabled persons by denying them the full and equal enjoyment of the goods, services, programs, facilities, privileges, advantages, or accommodations of the Coffee Bean stores.

44.     As a result of that failure to remedy existing barriers to accessibility, the Plaintiffs and others similarly situated have been denied access to, and the benefits of the goods, services, programs, facilities, and activities of Defendant's stores, and have otherwise been discriminated against and have suffered damages

- 22 -

1  caused by Defendant's ADA violations.  Unless Defendant's' stores are brought
2  into compliance with the ADA, said persons will continue to suffer injury in the
3  future.

4

5      45.    Further, the Defendant has violated the ADA by having, maintaining,
6  establishing, or failing to abolish policies that discriminate against the mobility
7  impaired which have result in discriminatory barriers within their stores.

8      46.    Plaintiffs, and others similarly situated, either regularly enter and/or
9  use Defendant's stores, would like to enter and/or use Defendant's stores, or may
10  enter and/or use Defendant's stores in the future.  ADI's members are ready,
11  willing and able to patronize Defendant's stores when the discriminatory policies
12  and barriers are removed or cured.

13

14     47.    In addition, the discriminatory features of Defendants' stores are
15  generally known to the individual plaintiffs, members of ADI, and others similarly
16  situated, who are discouraged from patronizing Defendant's Coffee Bean stores.
17  Many either avoid the facilities because they are aware of the discriminatory
18  barriers they will encounter there, or attend the stores with knowledge that their
19  access to those facilities will be limited by virtue of Defendant's persistent and
20  pervasive violations of the ADA.

21     48.    The individual plaintiffs, members of ADI, and others similarly
22  situated were injured by the discrimination they encountered at Defendant's stores
23  and/or continue to be injured by their inability to patronize Defendant's stores.
24  They have also been injured by the stigma of Defendants' discrimination.

25

26     49.    Plaintiffs' injuries are traceable to Defendant's discriminatory
27  conduct, polices, or lack of polices alleged herein and will be redressed by the
28  relief requested.  Plaintiffs and others similarly situated have been injured and will

1  continue to be injured by Defendant's failure to comply with the ADA and their
2  continued acts of discrimination.

3
4  50.    Plaintiffs have retained the undersigned counsel. Plaintiffs are
   entitled to recover their attorneys' fees, costs and expenses from the Defendants
5  pursuant to 42 U.S.C. Section 12205 and 28 C.F.R. 36.505.
6

7  51.    Notice to the Defendant is not required as a result of the Defendant's
8  failure to cure the violations by January 26, 1992. All other conditions precedent
9  have been met by Plaintiffs or waived by Defendants.

10
11  52.    Plaintiffs are without adequate remedy at law and are suffering
   irreparable harm.
12

13  53.    Pursuant to 42 U.S.C. Section 12188, this Court is provided authority
14  to grant Plaintiffs' injunctive relief, including an Order to alter the Defendants'
15  stores to make those facilities readily accessible to Plaintiffs and all other persons
16  with disabilities as defined by the ADA.

17
18  **COUNT II**
   **(UNRUH CIVIL RIGHTS ACT)**
19

20  54.    Plaintiffs reallege and incorporate by reference the remainder of the
21  allegations set forth in the Complaint as if fully set forth herein.

22
23  55.    Defendants operate business establishments within the jurisdiction of
   the State of California and, as such, is obligated to comply with the provisions of
24  the Unruh Act, Cal. Civ. Code, § 51, *et seq.* ("The Unruh Act").
25

26  56.    The conduct alleged herein violates the Unruh Act, including Cal.
27  Civ. Code § 51, *et seq.*

28

*SECOND* AMENDED CLASS ACTION COMPLAINT

57.   The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California.  The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act.

58.   Defendants have violated the Unruh Act by, *inter alia*, denying Plaintiffs and members of the proposed Class, as persons with disabilities, full and equal accommodations, advantages, facilities, privileges, or services offered by Defendants.  Defendants have also violated the Unruh Act by violating the ADA, as set forth above.

59.   Defendants have violated the Unruh Act, by *inter alia*, failing to operate their services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to its stores.

60.   In doing the acts and/or omissions alleged herein, Defendants wrongfully and unlawfully denied access to their stores and their facilities to individuals with disabilities and acted with knowledge of the effect its conduct was having on physically disabled persons.

61.   The Defendant has violated the Unruh Act by being in violations of the rights provided under the Americans with Disabilities Act of 1990.

62.   Further, the Defendant has violated the Unruh act by having, maintaining, establishing, or failing to abolish policies that discriminate against the mobility impaired, which have resulted in barriers in their stores.

63.   Pursuant to the remedies, procedures, and rights set forth in Ca. Civ. Code § 52, Plaintiffs pray for judgment as set forth below.

## COUNT III

## (CALIFORNIA DISABLED PERSONS ACT)

64.     Plaintiffs reallege and incorporate by reference the remainder of the allegations set forth in the Complaint as if fully set forth herein.

65.     Defendant operates, within the jurisdiction of the State of California, places of public accommodation and/or places to which the general public is invited and, as such, is obligated to comply with the provisions of the CDPA, Cal. Civ. Code § 54, et seq.

66.     The conduct alleged herein violated the CDPA, including without limitation Cal. Civ. Code, § 54.1, et seq. and relevant provisions of the California building code regulations.

67.     The CDPA guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities.

68.     Defendant has violated the CDPA by, inter alia, denying Plaintiffs and member of the proposed class, as persons with disabilities, full and equal access, as other members of the general public, to accommodations, advantages, and facilities offered by Defendants.

69.     Defendant has violated the CDPA by, inter alia, failing to operate their services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to their stores.

70.     Pursuant to the remedies, procedures, and rights set forth in California law, including Cal. Civ. Code §§ 54.3 and 55, Plaintiffs pray for judgment as set forth below.

SECOND AMENDED CLASS ACTION COMPLAINT

71.    In doing the acts and/or omissions alleged herein, Defendant wrongfully and unlawfully denied access to their stores and their facilities to individuals with disabilities and acted with knowledge of the effect its conduct was having on physically disabled persons.

**RELIEF**

WHEREFORE, Plaintiffs demand judgment against the Defendant and request the following relief:

a.    That this Court assume jurisdiction.

b.    That this Court certify the Class identified in paragraph 23 above.

c.    That this Court certify Plaintiffs as representatives of the Class.

d.    That this Court declare Defendants to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, and The Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* and the California Disabled Persons Act, Cal. Civ. Code, § 54, et seq.

e.    That this Court issue an injunction ordering Defendants to comply with the statutes set forth herein.

f.    That this Court award minimum statutory damages to Plaintiffs and members of the proposed class for violations of their civil rights under state law.

g.    That this Court award Plaintiffs' reasonable attorneys' fees and costs pursuant to federal and California law.

h.    That this Court award such additional or alternative relief as may be just, proper and equitable.

//

//

//

*SECOND* AMENDED CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury on all issues which can be heard by a jury.

Dated: November 15, 2007

BRODSKY & SMITH, LLC

By: _____
Evan J. Smith (SBN242352)
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone:  (310) 345-8425
Facsimile:   (310) 247-0160

*Attorneys for Plaintiffs Pizarro and*
*American Disability Institute*

SECOND AMENDED CLASS ACTION COMPLAINT

1   <u>PROOF OF MAILING</u>

2   <u>06-cv-7448 PG</u>

3   I, Evan J. Smith, Esquire, declare:

4   I am a resident of the State of Pennsylvania and over the age of eighteen years, and not a party to the within action; my business address is Two Bala Plaza, Suite 602,
5   Bala Cynwyd, PA 19004 and California business address is 9595 Wilshire Blvd., Ste. 900, Beverly Hills, CA 90212. On November 15, 2007, I served the within document:
6
   Second Amended Complaint

7

8         by transmitting via facsimile the document(s) listed above to the fax
9         number(s) set forth below on this date before 5:00 p.m.

10   ☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Bala
11         Cynwyd, PA, addressed as set forth below.

12   Keith Jacoby, Esquire
   Ian Wade, Esquire
13   Littler Mendelson, P.C.
   2049 Centruy Park East, 5th Floor
14   Los Angeles, CA 90067
   Fax: 310-553-5583

15   *Attorneys for Defendant*

16
17   ☐   by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to
18         be delivered to a _____ agent for delivery.

19   ☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

20
21   I am readily familiar with my office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S.
22   Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed
23   invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

24   I declare under penalty of perjury under the laws of California and of the United States of America that the above is true and correct.

25
   Executed on November 15, 2007, at Bala Cynwyd, PA.
26
27
28                  Evan J. Smith, Esquire

- 29 -