1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRODSKY & SMITH, LLC
Evan J. Smith (SBN 242352)
9595 Wilshire Blvd., Ste. 900
Beverly Hills, CA 90212
Tel.:  (310) 300-8425
Fax:  (310) 247-0160
esmith@brodsky-smith.com

Attorneys for Plaintiffs

**E-FILED 05-19-08**
**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIZARRO, et al., | **Case No. CV 06-7448 PSG (JTLx)** |
| Plaintiffs, | **[~~PROPOSED~~] FINAL ORDER AND JUDGMENT** |
| vs. | Date:  May 19, 2008<br>Time:  1:30 PM<br>Place:  Courtroom 790 – Roybal |
| INTERNATIONAL COFFEE & TEA, LLC., | |
| Defendant. | |

[~~PROPOSED~~] FINAL ORDER AND JUDGMENT

A hearing having been held before the Court on the 19th day of May, 2008 to

determine: (1) whether the terms and conditions of the settlement (the "Settlement")

described in the Class Action Settlement Agreement dated as of November 14, 2007

(the "Settlement Agreement") which has been filed in the above-captioned

consolidated actions (the "Action") should be approved as fair, reasonable and

adequate for the resolution of all claims asserted by the Settlement Class against the

Defendant named in the Second Amended Class Action Complaint, namely

International Coffee and Tea, LLC; (2) whether judgment should be entered

dismissing the Action on the merits and with prejudice in favor of the Defendant and

as against all persons or entities who are members of the Settlement Class who have not requested exclusion therefrom; (3) whether to approve the Settlement Terms as a fair and reasonable; and (4) whether and in what amount to approve an incentive award to Lead Plaintiff and whether and in what amount to award attorneys' fees and reimbursement of expenses to Lead Counsel.  The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the proposed Settlement and the hearing substantially in the form approved by the Court was completed as Ordered by the Preliminary Approval Order; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and reimbursement of expenses requested;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.     The Court, for purposes of this Final Order and Judgment, adopts all defined terms as set forth in the Settlement Agreement.

2.     The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiff, the other Members of the Settlement Class, and the Defendants.

3.     The Court finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and the Proof of Claim and the publication of the Summary Notice of Pendency and Settlement of Class Action as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to apprise all Persons within the definition of the Class of the pendency of the Action, their rights in it, and the terms of the proposed Settlement of the Action, and afforded Class Members with an opportunity to present their objections, if any, to the proposed Settlement.  The Court finds that the provision of notice to Settlement Class Members fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

4.     The Court finds that all Persons within the definition of the Settlement Class have been adequately provided with an opportunity to exclude themselves from

the Class by executing and returning a "request for exclusion" in conformance with the terms of the Notice or file an objection to the settlement.  After such Notice, there has been no Class Member who has submitted a Request for Exclusion or has filed an objection to the settlement.

5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court has certified a Class of a class (the "Settlement Class") consisting of all persons who, at any time from October 24, 2005 through the Term of this Agreement (approximately December 2010), were mobility impaired, used, use or will use wheelchairs or scooters for mobility, or were vision or hearing impaired, and who patronized any Coffee Bean Store or any Closed Coffee Bean Store or who allege they would or would have patronized at one or more Coffee Bean Stores or Closed Coffee Bean Stores but for allegedly being denied on the basis of disability the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of such Coffee Bean Store(s) or Closed Coffee Bean Store(s).

6.    With respect to the Class, this Court finds and concludes that: (a) the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) the Lead Plaintiff and its counsel have, at all times, fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be

1   encountered in the management of the Action.  The Court also concludes that the

2   claims for Statutory Damages are incidental to the injunctive relief sought herein.

3       **7.**    The Court approves the Settlement of the above-captioned action, as set

4   forth in the Settlement Agreement, and all of the terms thereof, including the releases

5   being given, as fair, reasonable, and adequate.  The Parties are directed to perform in

6   accordance with the terms set forth in the Settlement Agreement.

7       8.    Upon the Effective Date, the Plaintiffs and all Final Class Members shall

8   be deemed to have, and by operation of this Final Order and Judgment shall have,

9   fully, finally, and forever released, relinquished and discharged any and all Settled

10  Claims. "Settled Claim" means any claim, liability, right, demand, suit, obligation,

11  damage, loss, cost or cause of action, of any kind or description whatsoever, that any

12  Settlement Class Member has, had or may have for Statutory Damages or injunctive

13  Relief, whether known or unknown, asserted or unasserted, that is, has been, or could

14  have been asserted by the Lead Plaintiff or by any Settlement Class Member in the

15  Action or any other action or proceeding, regardless of legal theory, arising out of or

16  in any way relating to the facts asserted in the instant matter.

17      9.    With respect to any and all Settled Claims, the Plaintiffs and all Final

18  Class Members shall be deemed to have, and by operation of this Final Order and

19  Judgment shall have, expressly waived the provisions, rights, and benefits of § 1542

20  of the California Civil Code, which provides:

21      A general release does not extend to claims which the creditor does not

22      know or suspect to exist in his favor at the time of executing the release,

23      which if known by him must have materially affected his settlement with

24      the debtor.

25      10.    With respect to any and all Settled Claims, the Plaintiffs and all Final

26  Class Members shall be deemed to have, and by operation of this Final Order and

27  Judgment shall have, expressly waived any and all provisions, rights and benefits

28  conferred by any law of the United States or of any state or territory of the United

States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code or that would otherwise act to limit the effectiveness or scope of the release set forth herein.

11. The Plaintiffs and all Final Class Members shall be deemed to have, and by operation of this Final Order and Judgment shall have, expressly acknowledged that they may hereafter discover facts in addition to or different from those that any of them or their counsel now knows or believes to be true with respect to the subject matter of the Settled Claims or otherwise, but upon the Effective Date the Plaintiffs and all Final Class Members shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever settled and released any and all Settled Claims as may in the future exist. The waivers described in paragraphs 9 and 10 of this Order were bargained for and were a key element of the Settlement of which the release set forth herein is a part.

12. The Action and all claims contained therein, as well as all of the Settled Claims, are dismissed with prejudice as to the Plaintiffs and all other Final Class Members. The Parties are to bear their own costs. By operation of the Final Order and Judgment and under the terms of the Settlement Agreement and the releases herein, the Plaintiffs and all other Final Class Members shall be, and are hereby, precluded from filing or pursuing any Settled Claim under federal law or the law of any state.

13. Only those Settlement Class Members filing valid and timely Proof of Claim Forms shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund.

14. Neither the Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any person protected by the release granted herein (a "Released Person"); (ii) is or

may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Person in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) shall be offered in evidence by any person for any purpose except as provided in this paragraph. Released Persons may file the Settlement Agreement and/or the Final Order and Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction of any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Parties, their respective counsel or any other member of the Class may file the Settlement Agreement and/or the Final Order and Judgment from this Action in any proceeding brought to enforce any of the terms or provisions of the Settlement.

15. The Terms of the Settlement is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Agreement in accordance with its terms and provisions.

16. In the event that the Settlement fails to become effective in accordance with its terms, or if this Final Order and Judgment is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Final Order and Judgment (except this paragraph) shall be null and void, the Settlement shall be deemed terminated, and the Parties shall return to their respective positions in the Action as they existed on November 5, 2007, with all of their respective claims and defenses preserved as they existed on that date, except that (1) any modifications, reversal, or vacation of the award of attorneys' fees and expenses to Lead Counsel on appeal or in any further motions in this Court shall in no way disturb or affect any other part of this Final Order and Judgment and (2) any further proceedings, whether in this Court or on appeal, related to the Plan of Allocation shall in no way disturb or affect any other part of this Final Order and Judgment.

17.    Class Representatives Ray Pizarro, Mayra Espinoza, and Deborah Robinson are each awarded an incentive award in the amount of $ <u>10,000.00</u> .

18.    Lead Counsel are hereby awarded $ <u>170,000.00</u> in attorneys' fees, plus earned interest, which the Court finds to be fair and reasonable, and $ <u>80,000.00</u> in reimbursement of expenses, plus interest earned thereon, in both instances to be paid to Lead Counsel.

19.    In making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

        A.    The Settlement has created a significant non-monetary benefit to the Class by achieving complete accessibility for three classes of disabilities under state and federal law at all of the 186 Coffee Bean company owned stores in the State of California and Coffee Bean's website. It is one of the few class action settlements that have been achieved in the ADA realm.

        B.    The Settlement has created a fund of Five Hundred Thousand Dollars ($500,000.00) in cash, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Lead Counsel;

        C.    This Action involved numerous difficult and complex issues related to liability and damages which Lead Counsel overcame to obtain a substantial monetary and non-monetary recovery for the Class;

        D.    Lead Counsel is an experienced class action law firm and conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy for the Class;

        E.    The action involves complex factual and legal issues and was prosecuted for over a year and, in the absence of a settlement,

would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

F.    Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the Class may have recovered less than the Settlement, or nothing, from the Defendants;

G.    Plaintiffs' Counsel have devoted over 540 hours, with a lodestar value of in excess of $190,000.00, more than the requested fee, to achieve the Settlement, and said attorneys' fees are not coming out of the Settlement Fund created for the Class;

H.    Lead Counsel pursued this Action on a contingent basis;

I.    Lead Counsel's request is consistent with awards in similar complex cases in this jurisdiction; and

J.    This Settlement was negotiated at arms-length and no evidence of fraud of collusion has been presented.

20.    Without affecting the finality of this Final Order and Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Lead Plaintiff, the Class and the Released Persons for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of the Agreement, the Plan of Allocation, and this Final Order and Judgment; (2) hearing and determining any additional application by Lead Counsel for an award of attorneys' fees, costs, and expenses; and (3) supervising the distribution of the Settlement Fund.

21.    The court shall retain jurisdiction to enforce the Settlement Agreement.

Dated: <u>5/19/08</u>                    <u>PHILIP S. GUTIERREZ</u>
                                        HONORABLE PHILIP S. GUTIERREZ
                                        UNITED STATES DISTRICT JUDGE